OPINION
Defendant-appellant, David Wagers, appeals his conviction for nonsupport of dependents, a fourth degree felony in violation of R.C.2919.21(A)(2), for which he was sentenced to eighteen months in prison.
Wagers failed to support his minor child from August 15, 1985 through June 30, 1996. At the sentencing hearing, Wagers, his attorney, mother, and fiancée all addressed the court on his behalf. Wagers' former wife — the mother of the child whom Wagers did not support — also made a statement regarding Wagers' failure to pay any support during the eleven-year period. Before pronouncing sentence, the trial court indicated that it had considered everything submitted to it, including the presentence investigative report. The court also considered the statutory factors set forth in former R.C. 2923.13 for imposing a definite sentence for a fourth-degree felony.
The sole assignment of error presented for review claims the trial court erred by imposing the maximum eighteen-month sentence.
The case at bar involves a sentence imposed for a crime committed prior to felony sentencing reforms implemented by the adoption of the 1995 Criminal Sentencing Act. We therefore review appellant's sentence under those sentencing guidelines in effect for crimes committed prior to July 1, 1996.
For crimes committed prior to July 1, 1996, a reviewing court will not disturb a sentence unless the trial court abused its discretion while imposing sentence. State v. Hill (1994), 70 Ohio St.3d 25, 29. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151, 157. Generally, the trial court does not abuse its discretion when the sentence imposed is authorized by statute and within the statutory limits. Hill.
Former R.C. 2929.13 enumerates a number of criteria which, although not controlling, shall be considered when imposing a definite sentence for a fourth-degree felony. State v. O'Dell (1989), 45 Ohio St.3d 140, 146. See, also, former R.C. 2929.13(A) and (B). There is no requirement, however, that the court state on the record that it has considered such criteria or make any findings of fact relative thereto. O'Dell at 147. The court may consider matters other than the statutory criteria in determining the term of imprisonment. See former R.C. 2929.13(C).
The record indicates that the court considered several criteria before imposing sentence, including the seriousness of the offense and appellant's failure to pay any support during the period in question. Moreover, the trial court's comments suggest that it considered these factors within the context of the statutory criteria enumerated in former R.C. 2929.13.
We accordingly conclude that the trial court's imposition of the maximum statutory term in the case at bar did not constitute an abuse of discretion. Wagers' sole assignment of error is hereby overruled.
Judgment affirmed.
WALSH and POWELL, JJ., concur.